IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID HOLLINGER | § | |
| v. | § | CIVIL ACTION NO. 6:15cv98 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner David Hollinger, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hollinger was convicted of sexual abuse of a child on April 15, 1993, receiving a sentence of life in prison. The alleged offense took place in June of 1992. His federal habeas corpus petition contended that he was actually innocent, the state courts denied him due process in the course of his habeas corpus proceedings, and the state courts relied on perjured evidence to uphold his conviction. He furnished a February 2014 affidavit from the victim, C.L., who was three years old at the time of the offense and four at the time of trial, and an affidavit from Hollinger's mother Vickie. C.L.'s affidavit from February of 2014 states that he has a clear memory of his childhood at ages three and four and he can say with absolute certainty that he was not sexually molested by Hollinger at that time or at any age, but he does remember being molested by a police officer. Another affidavit from C.L., dated May 11, 2012, states that: C.L. does not remember anything about the day of the alleged crime but only what his mother has told him; C.L. testified that Hollinger did not do anything and

1

it was a cop who had hurt him, and he believes this testimony was accurate; and that the testimony of C.L.'s mother Karla at trial was not accurate.

The Respondent filed a motion to dismiss the lawsuit as barred by the statute of limitations The Respondent stated that Hollinger filed his third state habeas petition on June 22, 2012, attaching the May 2012 affidavit from C.L., indicating that Hollinger knew of C.L.'s purported recantation at that time. This third state habeas petition was dismissed on August 22, 2012. The Respondent contended that the statute of limitations started to run at that time and expired on August 22, 2013, but Hollinger did not file his motion for DNA testing until February 5 and his fourth state habeas petition on April 11, 2014. The Respondent also asserted that Hollinger's pleadings do not satisfy the "actual innocence" exception to the statute of limitations.

After review of the pleadings, the magistrate judge issued a report recommending that the petition for habeas corpus relief be denied. The magistrate judge determined that the limitations period began to run on August 22, 2012, when Hollinger's third state habeas application was denied, and expired one year later. Thus, Hollinger's motion for DNA testing and fourth state habeas application, both of which were filed after the limitations period elapsed, did not toll any portion of this period.

The magistrate judge further concluded that: Hollinger did not set out a colorable claim of actual innocence under the Supreme Court's precedents for purposes of tolling the limitations period; Hollinger did not show any other basis on which the limitations period should be equitably tolled; free-standing claims of actual innocence are not grounds for federal habeas corpus relief; alleged violations of due process in state collateral proceedings are not grounds for federal habeas corpus relief; and Hollinger did not set out a valid basis for relief through his claim alleging improper use of perjured evidence.

In his objections, Hollinger first challenges the Respondent's argument that C.L.'s recanting affidavit lacks credibility because it does not make sense that a person could have a clear memory

of an incident occurring at the age of three. This contention by the Respondent did not form any part of the basis for the magistrate judge's decision. Hollinger's objection on this point is without merit.

Next, Hollinger states that the applicable legal standard is whether, in light of the new evidence, no juror acting reasonably could have voted to find him guilty. He states that the jury did not have C.L.'s affidavit which attests that Hollinger did not assault him and argues that while C.L.'s mother Karla was the outcry witness, C.L. is the exclusive complainant and the State never proved that Hollinger sexually assaulted C.L.

In this regard, Hollinger contends that the magistrate judge made a "new rule" for a claim of actual innocence requiring him to prove how C.L. suffered the physical symptoms he did and to prove that C.L. did have a "collective memory experience" at ages three and four. He states that "no reasonable juror could have found the petitioner David Hollinger guilty of sexual assault of the complainant had the material evidence of complainant's sworn affidavit not been withheld from the jurors, the petitioner would have then been exonerated of this offense."

The magistrate judge correctly set out the applicable legal standard for a claim to meet the actual innocence exception to the statute of limitations. This standard requires a showing of newly discovered evidence in the light of which no reasonable juror would vote to find the petitioner guilty beyond a reasonable doubt. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). As the magistrate judge observed, C.L.'s testimony at trial was confusing and contradictory, so an affidavit from C.L. attesting that Hollinger did nothing to him comports with some, though not all, of C.L.'s testimony. The transcript made clear that the jury did not rely on C.L.'s trial testimony, from which very little could be discerned, but on evidence from Karla and Dr. James Ryder, the emergency room physician who examined C.L.

The magistrate judge also observed that C.L. had given two affidavits, one in May of 2012 and one in February of 2014. In the February 2014 affidavit, C.L. stated that he had a "clear memory" and that Hollinger did not sexually molest him, but in the May 2012 affidavit, C.L. stated that he remembered nothing about the day in question except what his mother had told him.

3

Hollinger acknowledges this contradiction but analogizes to the story of the "boy who cried wolf," explaining that "because the complainant stated in a prior sworn affidavit that he has no memory of the day of the alleged crime does not imply that the crime to which the complainant refers is sexual assault, nor does this establish that the complainant's sworn affidavit dated on February 26, 2014 which attest that [the complainant] have [sic] collective memory of what he was three and four years old and that further attest that David Hollinger did not sexually assault him, the petitioner [sic] in itself can be ruled as non-credible."  He states that the contents of the May 2012 affidavit are different from those of the February 2014 affidavit, so the limitations period should begin to run as of the later date.

Hollinger has failed to show that no reasonable juror could have voted to convict him in light of C.L.'s affidavits, given the totality of the evidence in the case. Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also* House v. Bell, 547 U.S. 518, 538, 126 U.S. 2064, 165 L.Ed.2d 1 (2006) (Schlup standard is "demanding" and seldom met).  Nor has he shown any valid basis upon which to conclude that the statute of limitations should have started to run in 2014 rather than 2012; Hollinger knew that C.L. was recanting his testimony at the time he filed his third state habeas petition, on July 10, 2012.  His objections on this point are without merit.

Hollinger further complains that he filed a motion in the state habeas court under Tex. Code Crim. Pro. art. 11.59 seeking an evidentiary hearing to subpoena C.L., but the state court refused to do so.  The magistrate judge properly determined that errors in the application of state law do not assert a claim cognizable in federal habeas proceedings.  Kinsel v. Cain, 647 F.3d 265, 273 (5th Cir. 2011).  This objection is without merit.

Finally, Hollinger attaches to his petition a copy of the proposed order filed by the Respondent with the motion to dismiss, complaining that "illegally by operation of separation of powers, this court of federal jurisdiction has been giving the Texas Attorney General power to act as both respondent and judge. God bless me to obtain this document inside the Attorney General's

own motion to dismiss - the Attorney General had already printed out his victory and granted his own motion to dismiss long before the magistrate judge's report and recommendation."

Local Rule CV-7(a) of the Local Rules of Court for the Eastern District of Texas require that all motions, unless made during a hearing or trial, be accompanied by a separate proposed order. Hollinger has misinterpreted the Respondent's proposed order as having been granted by the Court, which it was not. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner David Hollinger is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 8th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE